Brady, J.
This action was instituted to obtain a decree of dissolution of co-partnership and for an accounting as to profits.
The learned referee is charged with having committed three errors, but two of which it will be necessary to consider, as there must be a new trial.
The defendant at the time of the formation of the co-partnership, was established in business, with a stock on hand of which the cost seems to be conceded at $15,773, which is accepted as a true statement of its value, no testimony appearing in the record to the contrary. The referee in allowing interest upon the capital which the defendant contributed to the co-partnership, restricted it to the amount of sales from this stock, on the theory that those sales represented the capital that was used in the business. This is an error. The stock on hand represented the capital used in the business, all of which it must be presumed was ready for sale and formed part of the business assets of the copartnership. Whatever represents money in stock is *284 capital, and especially is this so when such was the understanding between the parties. The defendant was, therefore, entitled to interest upon the whole amount of stock during the continuance of the copartnership. _ _ •
_ _ The other error presents itself thus: In estimating the profits upon fancy goods sold, the referee has calculated the profits upon the total amount of sales of that character. Fol* example, it was stipulated that the profit upon the sale of those goods was 41-| per cent. The whole amount of sales is $5,927.74, and the .referee has calculated 41| per cent of that sum as profits; thus" allowing a profit upon the profits which were contained in and represented by the total amount of sales. What he should have done would have been to have ascertained by proper arithmetical calculation the amount of the cost of the goods, and then, if necessary, by a similar process, have ascertained the amount of profits over and above such costs, and to have declared the result to be the amount of profits to be divided between the parties. This was not done, and the failure to do so was error,' for which there must be a new trial.
It may not be inappropriate to suggest that the lease of the premises, having been taken in the firm name, was partnership property, and any advantage growing out of its possession was one for which the plaintiff was entitled to indemnity from the defendant. In other words, it was one of the firm assets which should be taken into account in the accounting. This, forming the third chief objection to the referee’s report, is thus disposed of.
This case, it is thought, to avoid the expense of a new trial, may properly go back to the referee for the purpose ' of having the suggested calculations made upon the theories herein stated.
Ordered accordingly. Both parties having succeeded in part on this appeal, we think that no costs should be awarded to either party on the appeal.
Daniels and Bartlett, JJ., concur.